UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD POOLE, individually
and on behalf of a class of
all others similarly situated

vs.                                    Case No.  3:06-cv-327-J-33TEM

PEOPLE'S CHOICE HOME LOAN,
INC., a foreign corporation,
and THE WEEKS APPRAISAL GROUP,
INC.

_____

**ORDER**

This cause comes before the Court upon Defendant People's Choice Home Loan, Inc.'s Motion to Compel Arbitration and Stay Proceedings (Doc. #14-1), filed on April 18, 2006; Request for Oral Argument (Doc. #15) filed by People's Choice on April 18, 2006;[1] Motion for Leave to File Reply Supporting People's Choice Home Loan, Inc.'s Motion to Compel Arbitration and Stay Proceedings (Doc. #29-1), filed on May 8, 2006; and Supplemental Request for Evidentiary Hearing and Oral Argument on Motion to Compel Arbitration (Doc. #30), filed on May 9, 2006.  Poole filed a response to the motion to compel arbitration. (Doc. #25.)  For the reasons stated below the Court denies without prejudice the motion to compel arbitration, grants the motion to file a reply, and

---

[1] After filing the request for oral agument on the motion to compel, People's Choice supplanted the request.  In the supplemental request, People's Choice asked for an evidentiary hearing.  In light of the supplemental request, the Court denies the request for oral argument as moot.

grants the motion for evidentiary hearing.

**A. Facts**

Poole and People's Choice entered into four mortgage loan agreements. (Doc. #14-1 at 2.)  In correlation with the four loan agreements, Poole allegedly entered into four separate arbitration agreements. (Id. at 3.)  The arbitration agreements were required consideration for the loan transactions.  (Id.)  Pursuant to the arbitration agreements, any disputes between Poole and People's Choice, including People's Choice's agents, successors or assigns, would be settled by arbitration.  (Doc. #14-6.)  People's Choice seeks to enforce the arbitration agreements.  As such, People's Choice requests the Court to compel arbitration of this matter. Further, People's Choice argues that, pursuant to the arbitration agreements, Poole is precluded from bringing this matter as a class action.  (Doc. #14-1 at 12.)  Lastly, People's Choice identifies that the arbitration agreements entitle a party that moves to compel arbitration to attorney's fees and costs.  Accordingly, People's Choice requests the attorney's fees and costs that People's Choice incurred in connection with the motion at bar.²

---

² People's Choice argues that, pursuant to the arbitration agreements, People's Choice is entitled to attorney's fees and costs incurred in moving to compel arbitration. Poole contends that the signatures on the arbitration agreements were forged. As such, it is still to be determined whether the arbitration agreements are valid. If the arbitration agreements are deemed void, the terms of the agreements will be unenforceable, eliminating People's Choice proffered basis for seeking fees and costs. If the agreements are found enforceable, the attorney's

(Doc. #14-1 at 15.)

In response, Poole contends that he did not sign the arbitration agreements. Poole claims that his signature was forged. (Doc. #25 at 5.) On this contention, Poole argues that he should not be bound by the arbitration agreements. Additionally, Poole submits that Federal Rule of Evidence 1002, the best evidence rule, precludes People's Choice from relying on the proffered arbitration agreements to compel arbitration.[3] Poole also argues

---

fees and costs request should be presented to the arbitrator. The arbitration agreements provide "that any dispute, regardless of when it arose, shall be settled, at your option or ours, by arbitration in accordance with this Agreement." (Doc. #14-6 at 2.) Neither this clause, nor any portion of the arbitration agreements, excludes the issue of attorney's fees and costs from this arbitration requirement. Thus, the terms of the arbitration agreements require the parties to arbitrate the issue of attorney's fees and costs. Accordingly, if the arbitration agreements are deemed valid, the parties, pursuant to the arbitration agreements' terms, must arbitrate the attorney's fees and costs issue.

[3] Poole asserts that Poole's forgery allegations raise a genuine question as to the authenticity of the original arbitration agreements. As such, Poole argues that duplicates of the arbitration agreements are inadmissible. In response, People's Choice provides that it "expects to obtain the originals from the loan owners . . . ." (Doc. #29-2 at 2.) If People's Choice is able to obtain the originals, the best evidence argument is moot. If the originals are not obtainable, then the duplicates may be admissible pursuant to Rule 1004, which provides in part, "[t]he original is not required, and other evidence of the contents of a writing, recording, or photograph, is admissible if . . . . [n]o original can be obtained by any available judicial process or procedure . . . ." As noted in Weinstein's Federal Evidence, "the best evidence rule is one of preferences, not absolute exclusion. In other words, although the original should always be produced whenever possible, this does not mean that a party is to be ushered out of court when forced to rely on secondary evidence." 1 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 1004.02[1] (2d ed. 2006).

that the attorney's fee and cost provision in the arbitration agreements renders the arbitration agreements unenforceable. Lastly, Poole argues that the language in the arbitration agreements does not preclude Poole from bringing this case as a class action.

Replying to Poole's forgery allegations,[4] People's Choice requests an evidentiary hearing as to the forgery allegations. (Doc. #30 at 1.) People's Choice also requests sixty days to conduct discovery, strictly limited to the signature challenge.[5] The Court will grant People's Choice's requests to the extent that the Court will permit discovery, limited to the signature challenge, and hold a hearing on the issue of Poole's assent to the arbitration agreements. The discovery parameters will be

---

[4] In the motion to file a reply, People's Choice states that Poole's forgery allegations present a "new theory." (Doc. #29-1 at 1.) People's Choice argues that they should be given an opportunity to reply and address these new allegations. Based on People's Choice's contentions, it appears that People's Choice was unaware that Poole intended to claim that the signatures on the arbitration agreements were forgeries. In light of these claims, the Court finds that the interests of justice are served by allowing People's Choice to reply to these new allegations. As such, the motion to file a reply is granted.

[5] Additionally, "People's Choice suggests, if the Court deems it appropriate, that a brief preliminary pretrial conference be scheduled, pursuant to Fed. R. Civ. P. 16, so that scheduling issues and parameters for the evidentiary hearing, and the discovery limited to the motion to compel arbitration and the signature challenge, may be discussed and established." (Doc. #30 at 2.) The Court grants People's Choice's request. The magistrate will conduct a preliminary pretrial conference to address the issues raised by People's Choice.

established at the pretrial preliminary conference.

**B. Analysis**

**1. Poole's Assent**

Both People's Choice and Poole seem to agree that the Court should resolve the signature challenge. In its reply, People's Choice avers that, as long as Poole does not deny that he signed loan documents[6] other than the arbitration agreements, the Court should resolve the issue of Poole's assent to the arbitration agreements. Moreover, as noted, Poole objects to any arbitration. As such, it appears that Poole's position is that the Court, not an arbitrator, should adjudicate the signature challenge.

The parties' positions are consistent with the mandate of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16. Pursuant to the FAA, "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. The Eleventh Circuit has found the making of the arbitration agreement

---

[6] Citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967), Poole argues that if Poole denies signing other loan documents, apart from the arbitration agreements, then Poole's fraud argument will be "sufficiently generalized to be arbitrable." (Doc. #29-2 at 1.) "'Prima Paint's mandate is that challenges to the validity of the contract as a whole must be presented to the arbitrator.'" Holloway v. Jim Walter Homes, Inc., Case No. 2:05-cv-516-WKW, 2006 U.S. Dist. LEXIS 42274, at *6 (M. D. Ala. June 22, 2006). However, there is an exception to the Prima Paint rule in "'cases [such as the present case] where not merely the enforceability, but the initial formation or existence of a contract, including a disputed arbitration clause, is legitimately called into question, and must be decided by the court.'" Id.

to be in issue, and thus require a trial, if the party seeking to avoid arbitration makes an "'unequivocal denial that the agreement had been made'" and "'[produces] some evidence . . . to substantiate the denial.'" Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 854 (11th Cir. 1992)("'To make a genuine issue entitling the [party seeking to avoid arbitration] to a trial by jury [on the arbitrability question], an unequivocal denial that the agreement had been made [is] needed, and some evidence should be produced to substantiate the denial.'")(quoting T & R Enters., Inc. v. Continental Grain Co., 613 F.2d 1272, 1278 (5th Cir. 1980)). Poole satisfies this requirement.

To support the forgery allegations, Poole filed an affidavit. In the affidavit, Poole states that "[t]he signatures contained on the arbitration agreements are not my signatures. Someone else signed my name on these documents." (Poole Aff. at ¶7, Doc. #25, Ex. D.) Moreover, Poole alleges that the forgeries were consistent with a scheme to defraud perpetrated by, among others, Dale Beardsley, the attorney who conducted the real estate closings on the subject properties; Tamera K. Kinsman and Heidi L. Weppleman, owners of the business that processed and originated Poole's loan applications. (Doc. #25, Ex. A at 4.) Poole identifies that Dale Beardsley was convicted for his participation in the scheme. Poole further identifies that Kinsman and Weppleman entered into plea agreements regarding their role in the scheme. (Doc. #25, Ex. A.)

The Court finds that Poole, through his affidavit and exhibits, has unequivocally denied entering into the arbitration agreements and produced some evidence to substantiate the denial. Accordingly, the Court will hold a hearing on the issue of whether Poole gave effective assent to the arbitration agreements. The Court will permit discovery, the parameters of which will be established at the preliminary pretrial conference.

**2. Class Action and Attorney's Fee and Cost Provision**

Poole alleges that the attorney's fees and costs provision is invalid under Florida law, rendering the arbitration agreements unenforceable. Poole also argues that, to the extent People's Choice reads the arbitration agreements as precluding Poole from pursuing his remedies by class action, People's Choice's interpretation is incorrect. It is not necessary for the Court to resolve these issues because, pending the outcome of the hearing, these arguments will be either moot or properly presented to the arbitrator.

If Poole is found not to have given his assent, the arbitration agreements will be void. If this is the case, Poole's attorney's fees and costs and class action arguments will be moot. If the alternative result is reached, and Poole is deemed to have assented to the arbitration agreements, for the reasons stated below, Poole's attorney's fees and costs and class action arguments are properly presented to the arbitrator.

7

People's Choice interprets the arbitration agreements' class action provision as prohibiting Poole from bringing this case as a class action.  Poole interprets the provision differently, arguing that the arbitration agreements do not state "that Poole has 'waived' his right to bring or participate in a class action lawsuit."  (Doc. #25 at 8.)  As such, Poole's class action arguments raise an issue of contract interpretation.  Such issues should be decided by the arbitrator and not the Court. <u>Green Tree Fin. Corp. v. Bazzle</u>, 539 U.S. 444, 453 (2003)(citing <u>Howsman v. Dean Witter Reynolds, Inc.</u>, 537 U.S. 79, 83 (2002)("contract interpretation should be for the arbitrator . . . .")). Accordingly, it is not appropriate for the Court to resolve this issue.

Poole's second argument, that the attorney's fees and costs provision renders the arbitration agreements unenforceable, also presents an issue for the arbitrator.  Each of the disputed arbitration agreements explicitly provides that the arbitration "will be administered by the American Arbitration Association's (the "AAA"), pursuant to its Commercial Arbitration Rules," (Doc. #14-6) thus incorporating those rules. AAA Rule 8(a) provides that "the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." Am. Arbitration Ass'n, Commercial Arbitration Rules,

8

http://www.adr.org/sp.asp?id=22173#_Tocl3029601.)  "By incorporating the AAA Rules, including Rule 8, into their agreement, the parties clearly and unmistakably agreed that the arbitrator [not the court] should decide whether the arbitration clause is valid." Terminix Int'l Co. LP v. Palmer Ranch Ltd. P'ship, 432 F.3d 1327, 1332 (11th Cir. 2005)(citing Contec Corp. v. Remote Solution, Co., 398 F.3d 205, 208 (2d Cir. 2005); Apollo Computer, Inc. v. Berg, 886 F.2d 469, 473 (1st Cir. 1989); Citifinancial, Inc. v. Newton, 359 F. Supp. 2d 545, 549-552 (S.D. Miss. 2005); Bayer Cropscience, Inc. v. Limagrain Genetics Corp., No. 04-c-5829, 2004 U.S. Dist. LEXIS 25070, *4 (N.D. Ill. Dec. 9, 2004); Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc., 203 F.R.D. 677, 685 (S.D. Fla. 2001); Brake Masters Sys., Inc v. Gabbay, 206 Ariz. 360, 78 P.3d 1081, 1087-88(Ariz. Ct. App. 2003); Dream Theater Inc v. Dream Theater, 124 Cal. App. 4th 547, 21 Cal.Rptr. 3d 322, 329-30 (Ct. App. 2004); Morrell & Co v. Lehr Contr. Corp. 287 A.D.2d 257, 730 N.Y.S. 2d 709 (N.Y. App. Div. 2001)). Accordingly, if Poole is deemed to have entered into the arbitration agreements, the arbitrator will address whether the attorney's fees and costs provision divests the arbitrator of jurisdiction to hear the matter.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1. Pending a hearing on Poole's assent to the arbitration

agreements, People's Choice Home Loan, Inc.'s Motion to Compel Arbitration and Stay Proceedings (Doc. #14-1) is **DENIED** without prejudice.

2. The Motion for Leave to File Reply Supporting People's Choice Home Loan, Inc.'s Motion to Compel Arbitration and Stay Proceedings (Doc. #29-1) is **GRANTED**.

3. The Request for Oral Argument (Doc. #15) is **DENIED** as moot.

4. The Supplemental Request for Evidentiary Hearing and Oral Argument on Motion to Compel Arbitration (Doc. #30) is **GRANTED**. The Court will hold a hearing on the issue of whether Poole gave effective assent to the arbitration agreements.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 25th day of October, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record