UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD POOLE, individually
and on behalf of a class of
all others similarly situated

vs.                                         Case No.   3:06-cv-327-J-33TEM

PEOPLE'S CHOICE HOME LOAN,
INC., a foreign corporation,
and THE WEEKS APPRAISAL GROUP,
INC.

_____

**ORDER**

_____This matter comes before the Court upon The Weeks Appraisal Group, Inc.'s Motion to Adopt Defendant People's Choice Home Loan, Inc.'s Motion to Compel Arbitration and Stay Proceedings (Doc. #18), filed on April 19, 2006; The Weeks Appraisal Group, Inc.'s Motion for Oral Argument (Doc. #17),[1] filed on April 19, 2006; and The Weeks Appraisal Group, Inc.'s Request to File Reply Memorandum in Support of its Motion to Adopt the Motion to Compel Arbitration Filed by Co-Defendant People's Choice Home Loan, Inc. (Doc. #41), filed on August 1, 2006.  Poole filed a response to the motions to adopt and file a reply (Doc. ##23 and 42).[2]  For the reasons stated

---

[1] Weeks requests oral argument on the motion to adopt (Doc. #18) and Motion to Dismiss (Doc. #13).  The Court has already denied the motion to dismiss. (Doc. #46.)  Further, in this order, the Court grants Weeks' motion to adopt.  Accordingly, the Court denies the motion for oral argument on these motions.

[2] In the response to the motion to file a reply, Poole seeks the attorney's fees and costs incurred in responding to the motion.  That request is denied.

below, the Court grants the motion to adopt, denies without prejudice the motion for oral argument and denies as moot the motion to file a reply.

In its motion to adopt, Weeks requests that the Court allow Weeks to adopt People's Choice's motion to compel arbitration and stay the case. So requesting, Weeks asserted that "because the Plaintiff's theory of liability against Weeks Appraisal depends on its theory of liability against People's Choice, Weeks Appraisal is entitled to the same relief as People's Choice in the form of a stay of this action and arbitration." (Doc. #18 at 1.) Poole disagrees, arguing that Poole's theory of liability does not exist exclusively because of Poole's alleged relationship with People's Choice. Poole also points out that, in the motion to adopt, Weeks cites no authority for its request, a violation of Local Rule 3.01(a).

In its motion to adopt, Weeks seeks to do just that: adopt the motion. Simply put, Weeks requests merely to appropriate the arguments made in People's Choice's motion to compel arbitration. However, in his response, Poole opposes Weeks' right to compel arbitration, not Weeks' right to adopt. In other words, Poole attacks the merits of the arguments that Weeks' seeks to adopt, rather than Weeks' ability to adopt those arguments. Poole's assertions do not provide a basis for the Court to deny Weeks the ability to adopt People's Choice's arguments. Moreover, the Court

sees no reason to preclude Weeks from adopting People's Choice's motion to compel. Accordingly, the motion to adopt is granted. In granting the motion to adopt, the Court renders moot Weeks' motion to reply to Poole's response, which opposes the motion to adopt.

However, in the interest of reaching a fully informed decision, the Court will permit additional briefing on this matter. The Court will permit Weeks, within 10 days from the entry of this order, to supplement the motion to compel arbitration. Further, the Court permits Poole, within ten days from the date that the supplemental briefing is filed, to file a response to the supplemental briefing.[3]

Accordingly, it is now

**ORDERED**, **ADJUDGED** and **DECREED**:

1. The Weeks Appraisal Group, Inc.'s Motion to Adopt Defendant People's Choice Home Loan, Inc.'s Motion to Compel Arbitration and Stay Proceedings (Doc. #18) is **GRANTED.**

2. The Weeks Appraisal Group, Inc.'s Motion for Oral Argument (Doc. #17) is **DENIED** without prejudice.

3. Weeks' Request to File Reply Memorandum in Support of its Motion to Adopt the Motion to Compel Arbitration Filed by Co-Defendant People's Choice Home Loan, Inc. (Doc. #41) is **DENIED** as

---

[3] People's Choice and Poole have fully briefed the assent issue, subject of a pending hearing. As such, the Court does not require additional briefing on this matter. The briefing should focus on Weeks' capacity to invoke the arbitration agreements.

moot.

     **DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>25th</u> day of October, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record